IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CENTURY FOUNDATION,<br><br>One Whitehall Street, 15th Floor<br>New York, NY 10004<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF EDUCATION,<br><br>400 Maryland Ave, SW<br>Washington, D.C. 20202<br><br>Defendant. | Civil Action No. 18-3581 |

**COMPLAINT**

1.  Plaintiff The Century Foundation ("TCF") brings this action against the United States Department of Education ("ED" or "Department") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

2.  This case concerns the Department staff's "written draft analysis" of the application for initial recognition submitted by the Accrediting Council for Independent Colleges and Schools ("ACICS").  As set forth below, the Department represented—through multiple written declarations and oral representations in a previous federal court proceeding—that the written draft analysis was required to be sent to ACICS, a non-governmental third party, on or before March 13, 2018.  TCF submitted a FOIA Request seeking this analysis on March 21,

2018. FOIA's twenty business day deadline for a response has expired, and the Department has not provided a determination or production in response to TCF's request.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

4. Venue is proper in this district pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 28 U.S.C. § 1391(e) because plaintiff TCF resides in and has its principal place of business in this District.

## PARTIES

5. TCF is a nonpartisan, non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. TCF's mission is to foster opportunity, reduce inequality, and promote security at home and abroad. To further its mission, TCF gathers information, including through responses to FOIA requests submitted to government agencies, in order to inform the public through disseminating documents, reports, analyses, and commentary via, *inter alia*, its website, social media, press releases and other comments to the media, and regulatory comments to government agencies.

6. TCF has its principal place of business at One Whitehall Street, New York, NY 10004, which is located within this District.

7. Defendant ED is a department of the executive branch of the U.S. government headquartered in Washington, D.C., and an agency of the United States within the meaning of 5 U.S.C. § 552(f)(1). ED, in its current form, was created by the Department of Education Organization Act of 1979, 20 U.S.C. § 3401 *et seq.* ED has possession, custody, and control of the records that TCF seeks to obtain and which ED is unlawfully failing to disclose.

**STATEMENT OF FACTS**

*Regulatory Context*

8. In order for an institution of higher education to participate in the federal student assistance programs authorized by Title IV of the Higher Education Act ("HEA"), *e.g.*, to enable students to receive Pell Grants and federally issued Direct Loans, Congress requires an institution to be accredited by an accrediting agency or association recognized by the Secretary of the Department ("Secretary") to be a reliable authority as to the quality of education or training offered. The Department has therefore referred to accrediting agencies as "'gatekeeper[s] of institutional eligibility for federal student aid programs." *See* Press Release, U.S. Department of Education Press (Dec. 12, 2016), *available at*: https://www.ed.gov/news/press-releases/education-department-establishes-enhanced-federal-aid-participation-requirements-acics-accredited-colleges.

9. As required by Congress, *see* HEA § 496(o), 20 U.S.C. § 1099b(o), ED has established a process for accrediting agencies to apply for recognition, has set standards governing agency recognition, and has developed a process for ongoing monitoring of accrediting agencies. *See generally* 34 C.F.R. Part 602.

10. Specifically, the regulations provide that an entity seeking initial recognition as an accrediting agency must "submit a written application to the Secretary." 34 C.F.R. § 602.31(a). After an agency submits an application, "Department staff publishes a notice of the agency's application or report in the Federal Register inviting the public to comment on the agency's compliance with the criteria for recognition and establishing a deadline for receipt of public comment." *Id.* § 602.32(a).

11. The Department staff then reviews the agency's submission along with any public comments to determine whether the agency satisfies the criteria for recognition, taking into account all available relevant information. *Id.* § 602.32(b). The Department staff's evaluation includes, for example, observations from site visits, review of public comments, and review of complaints or legal actions involving the agency. *Id.* § 602.32(b)(1)-(3). The evaluation may also include a review of information directly related to the institutions or programs accredited by the agency. *Id.* § 602.32(d).

12. When the Department staff completes its evaluation of the agency under review, it "[p]repares a written draft analysis of the agency." *Id.* § 602.32(f)(1).

13. The Department staff then sends this draft analysis to the agency, along with "any identified areas of non-compliance and a proposed recognition recommendation, and all supporting documentation, including all third-party comments the Department received by the established deadline." *Id.* § 602.32(f)(2). The agency under review then has "at least 30 days" to respond to the staff analysis. *Id.* § 602.32(f)(3).

14. After receiving the agency's response, the Department staff prepares a final written analysis, which it submits to the National Advisory Committee on Institutional Quality and Integrity ("NACIQI"). *Id.* § 602.32(f)(4)-(5).

15. NACIQI then considers the staff analysis and other provided materials and makes its own recommendation, which it forwards to a "Senior Department Official" ("SDO"), who has the authority to make a decision on behalf of the Department. *Id.* § 602.36. The SDO decision may be appealed to the Secretary. *Id.* § 602.37(a).

*The Department's Staff Analysis*

16.     In the fall of 2017, ACICS applied to the Department for "initial recognition" as a recognized accreditor of institutions of higher education.

17.     Although ACICS applied for initial recognition as an accreditor, this was not its first application, as, at the time of its application, ACICS had previously been recognized as an accreditor by the Department.  On December 12, 2016, the Secretary of Education—consistent with the recommendations of Department staff and NACIQI, as well as the decision of the SDO— terminated the Department's recognition of ACICS as a nationally recognized accrediting agency.  See https://www2.ed.gov/documents/acics/final-acics-decision.pdf ("Termination Decision").  The Termination Decision was, on its face, based upon "pervasive noncompliance" by ACICS with numerous regulatory criteria.  *Id.*  Subsequently, in the fall of 2017, ACICS submitted an application for initial recognition, seeking to once again be recognized as a national accreditor.

18.     On January 23, 2018, the Department, through its Office of Postsecondary Education, made available for public inspection a "Solicitation of Third-Party Comments Concerning the Performance of Accrediting Agencies" (hereinafter "the Solicitation").  Among other things, the Solicitation sought public comment regarding the application for initial recognition submitted by ACICS.  *See* 83 Fed. Reg. 3335, 3335-36 (Jan. 24, 2018).

19.     In a previous FOIA request, No. 18-00902-F (submitted on January 23, 2018), TCF sought copies of all documents constituting the ACICS application for initial recognition, as described in the Solicitation.

20.     On February 8, 2018, TCF filed litigation, *The Century Foundation v. Betsy DeVos & U.S. Department of Education*, Case No. 1:18-cv-00128-PAC (S.D.N.Y) (hereinafter

"the Comment Litigation"), regarding the Department's response (or lack thereof) to FOIA Request No. 18-00902-F and its conduct under the Administrative Procedure Act in failing to provide TCF with the information the Department is required to disclose under the HEA and the Department's regulations to effectuate the public's right to comment on ACICS's application for initial recognition.

21. During the Comment Litigation, the Department repeatedly made clear that, pursuant to 34 C.F.R. § 602.32(f)(1), the draft staff analysis would be completed and provided to ACICS no later than March 13, 2018. According to the Department, this deadline was necessary in order to ensure that ACICS would be able to be placed on the calendar for discussion at the May 2018 meeting of NACIQI.

22. Following the entry of a Temporary Restraining Order against the Department and the Secretary, and at a hearing held on March 1, 2018 in the Comment Litigation, an Assistant United States Attorney representing the Department made the following statement before Senior Judge Paul A. Crotty of the United States District Court for the Southern District of New York: "[T]he department's next deadline is March 13th. And by that time, the staff needs to have been able to process all of the public comments it received and incorporate them into a draft analysis that it submits to the agencies." *See* March 1, 2018 Hearing Transcript at 15:5-9. A true and correct copy of an excerpt of the March 1, 2018 hearing transcript is attached hereto as Exhibit A.

23. At that hearing, the Department, again through counsel, also informed the Court that the "[D]epartment's next deadline, which is to process all comments it receives as part of this comment process and send its analysis to the accrediting agencies, is March 13th, which obviously is coming up very soon." *Id.* 4:18-22.

24. Further, in a sworn declaration submitted in the Comment Litigation, Herman Bounds, Director of the Office of Postsecondary Education Accreditation Group, affirmed that: "The schedule for the May 2018 meeting requires the staff draft analysis for all agencies (plus supporting documents and written public comments) to be submitted to the agencies no later than March 13, 2018." *See* Bounds Declaration, Comment Litigation Dkt. No. 28-2 ¶ 8. A true and correct copy of the Bounds Declaration is attached hereto as Exhibit B.

25. In addition, in another sworn declaration submitted in the Comment Litigation, Donna Mangold—an attorney in the Department's Office of General Counsel, Division of Postsecondary Education with responsibilities including serving as one of two program attorneys for the Accreditation Group within the Office of Postsecondary Education—affirmed on at least four separate occasions that the draft staff analysis *must* be provided to ACICS by March 13, 2018. *See* Mangold Declaration, Comment Litigation Dkt. No. 28-1 ¶ 37 ("[L]eading up to every NACIQI meeting, the A[ccreditation] [G]roup sets a schedule for the process so it can comply with its regulatory mandates. The schedule for the May 2018 meeting requires the draft staff analysis for all agencies (plus supporting documents and written public comments) to be submitted to the agencies no later than March 13, 2018."); *id.* ¶ 39 ("the draft staff analysis for ACICS is due on March 13th"); *id.* ¶ 42 (the staff analysis "must be sent to the agencies no later than March 13, 2018"); *id.* ¶ 44 ("If there is any further delay beyond March 1, 2018 for the public comment period, it would not be reasonably feasible for the review of ACICS to be completed and the draft analysis submitted to the agency by March 13, 2018, which is the deadline that must be met for ACICS to remain on the May 2018 NACIQI meeting agenda."). A true and correct copy of the Mangold Declaration is attached hereto as Exhibit C.

26. Similarly, at the March 1 hearing counsel for ACICS, arguing a motion to intervene in the Comment Litigation, represented to the Court that "[o]n March 13th, the Department of Education needs to give to ACICS a draft report that responds to the application that has the now been given to the Century Foundation pursuant to the FOIA request. On April 12th, 2018, ACICS must respond. That's 30 days. That's mandated in the regulation." *See* Exhibit A at 40:6-11.

27. On this record, the Court in the Comment Litigation found that "Department staff are currently scheduled to review and incorporate any third-party comments the department receives into the draft analysis due to the organizations by March 13, 2018. The department represents that the March 13 deadline cannot be materially delayed without change to subsequent deadlines." *Id.* at 45:13-18.

*The "Remand" Decision*

28. On March 23, 2018, in a separate litigation in which ACICS had challenged the Termination Decision, Judge Reggie B. Walton of the United States District Court for the District of Columbia issued a Memorandum Opinion remanding the case to the Secretary for consideration of additional evidence. Judge Walton's decision did not vacate the Termination Decision. *See ACICS v. DeVos, et al.,* No.16-cv-2448 (RBW) (D.D.C. Mar. 23, 2018) (hereinafter the "Remand Decision").

29. Following the entry of the Remand Decision, on April 3, 2018, the Secretary issued an Order vacating the Termination Decision. The Secretary's Order stated: "As a result of the district court's remand, there is no final decision on the recognition petition that ACICS submitted to the Department Accreditation Group staff in January 2016 regarding its recognition period that was set to expire in December 2016. Accordingly, ACICS's status as a federally

recognized accreditation agency is restored effective as of December 12, 2016." *See* https://www2.ed.gov/documents/press-releases/acics-docketno-16-44-0.pdf.

30. Also following the entry of the Remand Decision, and consistent with the Secretary's additional decision to vacate the Termination Decision, the Department removed ACICS from the agenda for the May 2018 NACIQI meeting.

FOIA REQUEST

31. On March 21, 2018, TCF submitted a FOIA request to ED requesting the staff analysis that was to be provided to ACICS, *i.e.*, a non-governmental third-party, by March 13, 2018. A true and correct copy of that request (hereinafter the "Request") is attached hereto as Exhibit D. More specifically, the Request sought:

(a) All documents constituting the "draft analysis," "analysis," "staff draft analysis," and/or "draft staff analysis," as those phrases were used by AUSA Doud, Mr. Bounds, and Ms. Mangold, that were provided to ACICS between March 1, 2018 and the date of this request.

(b) All documents sufficient to show the dates on which the "draft analysis," "analysis," "staff draft analysis," and/or "draft staff analysis," as those phrases were used by AUSA Doud, Mr. Bounds, and Ms. Mangold, were provided to ACICS.

32. On March 23, 2018, ED acknowledged its receipt of the Request, "forwarded" it "to the primary responsible office(s) for action," and assigned tracking number 18-01346-F. A true and correct copy of this communication is attached hereto as Exhibit E.

33. On April 19, 2018, TCF employee Tariq Habash sent a follow up email requesting an update on the status of the Request "as soon as possible" and noting that twenty business days had passed since the request was submitted. A true and correct copy of this communication is attached hereto as Exhibit F.

9

34. On April 20, 2018, Mr. Habash received a letter from the Department's FOIA Service Center stating that "[t]he Department of Education's goal is to respond to FOIA requests within 20 business days of receipt of your request.  As your request seeks documents that will require a thorough search by the office your request was assigned to, the Department may not meet the 20-working-day timeframe."  The letter continues: "If you haven't received your responsive documents within 30 days from receipt of this letter, please check on the status of your request on the Department's FOIA Web page at http://www2.ed.gov/policy/gen/leg/foia/foiatoc.html and click on the **Requests Status Log** link under '**More Resources**.'"  A true and correct copy of this communication is attached hereto as Exhibit G.

35. On April 23, 2018, the Department sent an email to Mr. Habash stating that they were "Conducting Search [sic] for responsive records" and that "we do not have a specific completion time available."  A true and correct copy of this communication is attached hereto as Exhibit H.

36. As of April 23, 2018, the Department's FOIA Status Log has not been updated to reflect any events after March 8, 2018.  Accordingly, the FOIA Status Log does not indicate that the Department has received the Request, let alone provide information on its status.

37. As of the filing of this Complaint, the Department has not made a determination as to the Request, notwithstanding its obligation under FOIA to respond within twenty business days.

38. Through the Department's failure to make a determination as to the Request within the time period required by law, TCF has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Search for Responsive Records With Respect to the Request

39. TCF repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

40. Through the Request, TCF properly requested records within the possession, custody and control of ED.

41. ED is an agency subject to FOIA and it must therefore make reasonable efforts to search for requested records.

42. ED has failed to promptly review agency records for the purpose of locating those records that are responsive to the Request.

43. ED's failure to conduct adequate searches for responsive records violates FOIA.

44. Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED to promptly make reasonable efforts to search for records responsive to the Request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records With Respect to the Request

45. TCF repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

46. Through the Request, TCF properly requested records within the possession, custody, and control of ED.

47. ED is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

48. ED is wrongfully withholding non-exempt records requested by TCF by failing to produce records responsive to the Request.

49. ED's failure to provide all non-exempt responsive records violates FOIA.

50. ED has failed to meet its obligation to promptly produce records responsive to the Request.

51. Plaintiff TCF is therefore entitled to declaratory and injunctive relief requiring ED to promptly produce all non-exempt records responsive to the Request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## **REQUESTED RELIEF**

WHEREFORE, TCF respectfully requests the Court to:

(1) Order ED to conduct a search or searches reasonably calculated to uncover all records responsive to TCF's FOIA request;

(2) Order ED to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to TCF's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin ED from continuing to withhold any and all non-exempt records responsive to TCF's FOIA request;

(4) Award TCF attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant TCF such other relief as the Court deems just and proper.

Respectfully submitted,

/s *Alexander S. Elson*
Alexander S. Elson* (N.Y. Bar 4809976)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
alex@nsldn.org
(202) 734-7495

*Counsel for The Century Foundation*

*Member of New York Bar only; practicing in the District of Columbia under supervision of members of the D.C. Bar while D.C. Bar application is pending.

Dated: April 23, 2018