

1015 15th St. NW,  Suite 600
Washington, DC 20005
www.nsldn.org

April 30, 2018

**VIA ECF & FASCIMILE**
Honorable Naomi Reice Buchwald
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

> Re:   *The Century Foundation v. United States Department of Education*,
>          No. 18-cv-3581-NRB

Dear Judge Buchwald:

I am writing as counsel to plaintiff The Century Foundation ("TCF") in the above-referenced case, brought against the U.S. Department of Education ("ED" or "Department") under the Freedom of Information Act ("FOIA").  Pursuant to Your Honor's Individual Rule of Practice 2B, TCF respectfully requests that the Court schedule a pre-motion conference, during which the Court can set an expedited briefing schedule on TCF's anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  *See N.Y. Times Co. v. U.S. Dep't of Justice*, 915 F. Supp. 2d 508, 531 (S.D.N.Y 2013) ("Summary judgment is the typical means for disposing of cases challenging a Government's agency's FOIA response.").

The facts of this case are both narrow and materially undisputed.  On March 21, 2018, TCF submitted a FOIA request to the Department.  That request sought the release of a copy of the written analysis that Department career staff had conducted of an application to be "recognized" as an accreditor of institutions of higher education submitted by the Accrediting Council for Independent Colleges and Schools ("ACICS").[1]  As alleged in the Complaint, and as

---

[1]      To participate in the federal student assistance programs authorized by Title IV of the Higher Education Act (*e.g.*, federal Direct Loans and Pell Grants), institutions of higher education must, *inter*

Honorable Naomi Reice Buchwald
Page 2 of 4
April 30, 2018

subsequently confirmed by the Department, this document was provided by the Department to

ACICS (*i.e.*, a non-governmental third-party subject to regulation and oversight by ED) and is no

longer an internal Department document.  *See* Exh. A (attached hereto) (referring to materials

"sent to ACICS on March 13, 2018").

 At the time the Complaint was filed in this lawsuit, the Department had not provided TCF

a formal response to the March 21, 2018 FOIA request.  *See* Compl. ¶ 50 & Compl. Exh. H

(noting, the same day that the Complaint was filed that the Department was "[c]onducting

[s]earch for responsive records").  Nevertheless, almost immediately after this lawsuit was filed,

the Department issued a "final response" to the FOIA request, in which it stated that it "has

determined that the Draft Staff Analysis sent to ACICS on March 13, 2018 will be released to

you in full.  The responsive records themselves will be made available promptly." *See* Exh. A.

As of the submission of this letter, TCF has heard nothing further from the Department.  This

case may, therefore, be resolved simply and expeditiously.  Because there are no material facts in

dispute and "[s]ummary judgment is the preferred procedural vehicle for resolving FOIA"

lawsuits, *Adamowicz v. I.R.S.*, 552 F. Supp. 2d 355, 360 (S.D.N.Y. 2008), the matter is

appropriately resolved by a straight-forward motion for summary judgment.[2]

 TCF understands, however, that non-party ACICS will be seeking to intervene in this

lawsuit.  Although the merits of the proposed intervention and ACICS's other assertions in its

---

*alia*, be accredited.  *See* HEA § 101(a)(5); 20 U.S.C. §1001(a)(5). The Department does not directly accredit institutions; rather, it "recognizes" accreditors, which act as the "gatekeepers" of the federal student aid programs that provide more than $120 billion in assistance to approximately 13 million students each year.

[2] Of course, the Department could resolve this matter by adhering to its post-Complaint position and "promptly" releasing the documents it has determined should be released "in full."

Honorable Naomi Reice Buchwald
Page 3 of 4
April 30, 2018

April 27, 2018 letter need not be discussed here,[3] there is great public interest in resolving this entire matter promptly. *E.g.*, D. Douglas-Gabriel, *Senate Democrats question the role of a former for-profit college lobbyist at the Education Department*, Washington Post (Apr. 28, 2018) (highlighting questions about the role of certain Department political appointees reportedly charged with reviewing ACICS's status as a recognized accreditor).[4] *See also, e.g.*, Order in *In re: Accrediting Council for Independent Colleges and Schools*, Dept. of Ed. Dkt. No. 16-44-0 (April 3, 2017) (vacating a prior Order of the Department and permitting ACICS to provide additional information to the Department no later than May 30, 2018).[5] Accordingly, TCF respectfully requests that the Court immediately schedule a pre-motion conference and subsequently enter an expedited briefing schedule.

Respectfully submitted,

Alexander S. Elson* (N.Y. Bar 4809976)
National Student Legal Defense Network
1015 15th Street N.W., Suite 600
Washington, D.C. 20005
alex@nsldn.org
(202) 734-7495
*Counsel for The Century Foundation*

*Member of New York Bar only; practicing in the District of Columbia under supervision of members of the D.C. Bar while D.C. Bar application is pending.

---

[3]    TCF is reviewing the letter and exhibits submitted by ACICS late in the evening on April 27, 2018 and will respond shortly. We note, however, that it is unclear from the submission if a copy was provided to defendant U.S. Department of Education.

[4]    https://www.washingtonpost.com/news/grade-point/wp/2018/04/28/senate-democrats-question-the-role-of-a-former-for-profit-college-lobbyist-at-the-education-department

[5]    https://www2.ed.gov/documents/press-releases/acics-docketno-16-44-0.pdf

Honorable Naomi Reice Buchwald
Page 4 of 4
April 30, 2018


cc:     Counsel of Record (Via ECF)
        Jeffrey Oestericher, Esq. (Civil Chief, USAO SDNY) (via email)
        Carlos Muniz, Esq. (General Counsel, ED) (via email)
        Steven Menashi, Esq. (Deputy General Counsel, ED) (via email)
        Elizabeth McFadden, Esq. (Deputy General Counsel, ED) (via email)