

1015 15th St. NW, Suite 600
Washington, DC 20005
www.nsldn.org

May 2, 2018

**VIA ECF & FACSIMILE**
Honorable Naomi Reice Buchwald
United States District Judge
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

    Re: *The Century Foundation v. United States Department of Education*, No. 18 Civ. 3581

Dear Judge Buchwald:

    As counsel to plaintiff The Century Foundation ("TCF") in the above-referenced case, I am writing in response to the April 27, 2018 letter from proposed intervenor Accrediting Council for Independent Colleges and Schools ("ACICS"). *See* Dkt. 9. Although TCF does not oppose ACICS having an opportunity to brief this issue, TCF believes that such a motion would be futile because ACICS's arguments to prevent release of the documents at issue will fail on the merits.

    As set forth more fully in the Complaint, this case concerns a Freedom of Information Act ("FOIA") request in which TCF asked the United States Department of Education ("ED" or "Department") to release a preliminary staff analysis ("Analysis") of an application that ACICS submitted to be recognized as an accreditor of institutions of higher education. As set out in the Complaint, *see* Dkt. 1 ¶ 8, and my prior letter, *see* Dkt. 10 n.1, recognized accreditors serve as the Department's gatekeeper for institutional participation in the federal student aid programs (*e.g.*, federal student loans and Pell Grants) authorized under the Higher Education Act. Not having received a final response to the FOIA request, TCF filed this action.

    On April 23, 2018, and only hours after this case was filed, ED issued a "final response" stating that the Analysis will be "released to [TCF] in full" and "made available promptly." Dkt.

10-1. That has not yet happened. On April 30, 2018, TCF submitted a letter, Dkt. 10, seeking permission to file a motion for summary judgment. ACICS meanwhile, has sought leave to file a motion to intervene to prevent what it described as the "improper disclosure" of the Analysis. ACICS's arguments on withholding the Analysis are unjustified and serve only to delay.

First, ACICS contends that the Analysis should not be disclosed because it consists of "pre-decision deliberations." ACICS lacks standing to make this claim because the deliberative process privilege is a discretionary privilege that belongs to ED. *See, e.g.*, *CNA Fin. Corp. v. Donovan*, 830 F.2d 1132, 133 n.1 (D.C. Cir. 1987) (noting that agencies have some discretion to apply otherwise proper FOIA exemptions). Barring the application of a *mandatory* FOIA exemption, which does not exist here, ACICS cannot properly argue that ED *should have* applied a discretionary exemption. Even still, such an exemption is unsupportable in this context and ED, perhaps having recognized this, has issued a final determination to release the Analysis.

Second, ACICS contends that disclosure of the Analysis would lead to public dissemination of trade secrets and confidential business information that would "undermine ACICS' competive advantage." To be clear: ACICS is not seeking to bar the release of its application for recognition. Rather, it is seeking to block the release of *the Department's* analysis of its application; the application itself was *already released* by ED[1] following litigation by TCF, in which ACICS also sought, unsuccessfully, to intervene.[2] Moreover, ACICS neither sought to block the release of its own application, nor did it even designate as confidential the

---

[1] *See* https://tcf.org/content/commentary/response-tcf-lawsuit-devos-begins-release-acics-aba-documents/.

[2] *TCF v. DeVos et. al.*, No. 1:18-cv-01128-PAC (S.D.N.Y). ACICS's motion to intervene was based on alleged harm caused by extension of a comment period, not release of the ACICS application. Judge Crotty orally denied ACICS's motion to intervene during a March 1, 2018 hearing.

Honorable Naomi Reice Buchwald
Page 3 of 3
May 2, 2018

sorts of materials that it now claims could subject it to competitive harm.[3]  Regardless, while it appears unlikely that the Analysis would contain any trade secrets or other confidential information that was not previously made public, the proper remedy is to redact such information, not to withhold, or further delay the release of, the entire Analysis.

ACICS's remaining arguments are equally unavailing.  FOIA does not permit agencies to withhold documents due to asserted "public confusion," reputational harm, "factual inaccuracies," or otherwise.  Accepting such arguments would eviscertate bedrock principles of FOIA that favor disclosure and narrowly construe any exemptions.  *E.g.*, *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999).

As explained elsewhere, *see* Dkt. 10, there is great public interest in the prompt resolution of this matter.  If ACICS is permitted to proceed with a motion to intervene, TCF respectfully requests that the Court enter an expedited briefing schedule.

        Respectfully submitted,

        /s *Alexander S. Elson*
        Alexander S. Elson* (N.Y. Bar 4809976)
        *Counsel for The Century Foundation*

        *Member of New York Bar only; practicing in the District of Columbia under supervision of members of the D.C. Bar while D.C. Bar application is pending.

cc:    Counsel of Record (Via ECF)
       U.S. Department of Justice (via email to USAO SNDY)
       U.S. Department of Education (via email to Office of the General Counsel)

---

[3]    For example, the Department has previously released, without objection, a copy of ACICS's audited financials (dated June 30, 2016) and FY 2017 and 2018 operating budgets. *See* ACICS Application Exhibits 51, 54 & 55 (available in "Tranche 1" at: https://tcf.org/content/commentary/response-tcf-lawsuit-devos-begins-release-acics-aba-documents/). If ACICS believed these materials to be confidential and exempt from FOIA disclosure, it was to designate relevant portions as such when submitting them to ED.  34 C.F.R § 5.11(c)(1).  ACICS did not do so.