GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
By: CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE CENTURY FOUNDATION,<br><br>               Plaintiff,<br><br>     v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>               Defendant. | 18 Civ. 3581 (NRB)<br><br>**ANSWER TO THE COMPLAINT** |

Defendant United States Department of Education ("ED"), by its attorney, Geoffrey S. Berman, United States Attorney for the Southern District of New York, hereby answers the complaint of Plaintiff The Century Foundation on information and belief as follows:

1. Paragraph 1 of the complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is required, ED denies the allegations in Paragraph 1, except admits that this action is putatively brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2. Paragraph 2 of the complaint consists of Plaintiff's characterization of this action, to which no response is required. To the extent a response is deemed required, ED admits and avers that, on or about March 13, 2018, ED sent to the Accrediting Council for Independent Colleges and Schools ("ACICS") a written draft staff analysis of ACICS's application for initial

recognition as an accrediting agency pursuant to 34 C.F.R. Part 602 ("Draft Analysis"). Admits that Plaintiff submitted a FOIA request to ED dated March 21, 2018, and respectfully refers the Court to that request for a complete and accurate description of its contents. Denies the remaining allegations in Paragraph 2, and avers that ED provided its determination in response to Plaintiff's March 21, 2018 FOIA request by letter dated April 23, 2018. *See* Dkt. No. 10-1.

## JURISDICTION AND VENUE[1]

3. Paragraph 3 of the complaint states a legal conclusion regarding jurisdiction, to which no response is required.

4. Paragraph 4 of the complaint states a legal conclusion regarding venue, to which no response is required.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 5 of the complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 6 of the complaint.

7. Admits that ED is a department of the executive branch of the United States government. Admits that ED is headquartered in Washington, D.C. Admits that ED is an "agency" within the meaning of 5 U.S.C. § 552(f). Admits and avers that ED was established and is administered pursuant to statute, *see* 20 U.S.C. § 3401 et seq. Denies the remainder of Paragraph 7 and avers that on May 24, 2018, the Court ordered ED to suspend its release of the Draft Analysis pending the Court's resolution of ACICS's motion to intervene in this action.

---

[1] ED replicates the headings from Plaintiff's complaint solely for ease of reference, without admitting the allegations set forth thereunder.

# STATEMENT OF FACTS

*Regulatory Context*

8.  Paragraph 8 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED admits the existence of the press release quoted in Paragraph 8 and respectfully refers the Court to that press release for a complete and accurate description of its contents.

9.  Paragraph 9 sets forth legal conclusions, to which no response is required.

10-15.  Paragraphs 10 through 15 set forth legal conclusions and characterizations of federal regulations, to which no response is required.

*The Department's Staff Analysis*

16.  Denies the allegations in Paragraph 16 and avers that ACICS submitted an initial petition for recognition as an accrediting agency on or about December 29, 2017.

17.  Admits the existence of the Secretary of Education's December 12, 2016, final decision cited in Paragraph 17 and respectfully refers the Court to that decision for a complete and accurate description of its contents; admits and avers that ACICS is currently a recognized accrediting agency, and was a previously-recognized accrediting agency prior to the Secretary of Education's December 12, 2016 final decision. Denies the remaining allegations in Paragraph 17 and avers that ACICS submitted an initial petition for recognition as an accrediting agency on or about December 29, 2017.

18.  Admits the existence of ED's Office of Postsecondary Education's Solicitation of Third-Party Comments Concerning the Performance of Accrediting Agencies, published in the Federal Register on January 24, 2018, *see* 83 Fed. Reg. 3335 (Jan. 24, 2018), and respectfully refers the Court to that notice for a complete and accurate description of its contents.

19. Admits the existence of Plaintiff's prior FOIA request, No. 18-00902-F, dated January 23, 2018, and respectfully refers the Court to that request for a complete and accurate description of its contents.

20. Admits the existence of a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to the docketed filings in that case for a complete and accurate description of that action.

21. Admits the existence of a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to the docketed filings in that case for a complete and accurate description of ED's position and representations in that action. Avers that, on or about March 13, 2018, ED sent the Draft Analysis to ACICS pursuant to 34 C.F.R. Part 602.

22. Admits that a hearing was held on March 1, 2018, in a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to the transcript of the March 1, 2018, hearing for a complete and accurate description of that hearing.

23. Admits that a hearing was held on March 1, 2018, in a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to the transcript of the March 1, 2018, hearing for a complete and accurate description of that hearing.

24. Admits the existence of the February 27, 2018 Declaration of Herman Bounds Jr., which was filed in a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to that declaration for a complete and accurate description of its contents.

25. Admits the existence of the February 27, 2018 Declaration of Donna S. Mangold, which was filed in a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to that declaration for a complete and accurate description of its contents.

26. Admits that a hearing was held on March 1, 2018, in a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to the transcript of the March 1, 2018, hearing for a complete and accurate description of that hearing.

27. Admits that a hearing was held on March 1, 2018, in a prior lawsuit, *The Century Found. v. DeVos et al.*, No. 18 Civ. 1128 (PAC) (S.D.N.Y.), and respectfully refers the Court to the transcript of the March 1, 2018, hearing for a complete and accurate description of that hearing.

***The "Remand" Decision***

28. Paragraph 28 sets forth Plaintiff's characterizations of a memorandum opinion issued by a federal district court, to which no response is required. To the extent a response is deemed required, ED admits the existence of a prior lawsuit filed in the District Court for the District of Columbia, *Accrediting Council for Indep. Colls. & Sch. v. DeVos*, -- F. Supp. 3d. -- , 2018 WL 1461958 (D.D.C. Mar. 23, 2018), and respectfully refers the Court to the memorandum opinion for a complete and accurate description of its contents.

29. Paragraph 29 sets forth characterizations of an order issued by the Secretary of Education, to which no response is required. To the extent a response is deemed required, ED admits the existence of the Secretary of Education's April 3, 2018, order quoted in Paragraph 29, and respectfully refers the Court to that order for a complete and accurate description of its contents.

30. Denies the allegations in Paragraph 30 of the complaint, except admits that ED removed ACICS from the agenda for the May 2018 meeting of the National Advisory Committee on Institutional Quality and Integrity.

**FOIA REQUEST**

31. Admits that on or about March 21, 2018, Plaintiff submitted a FOIA request to ED, admits that a true and correct copy of that request is attached as Exhibit D, and respectfully refers the Court to that request for a complete and accurate description of its contents.

32. Admits and avers that on March 23, 2018, ED sent a letter to Plaintiff regarding its March 21, 2018 FOIA request, admits that a true and correct copy of that letter is attached as Exhibit E, and respectfully refers the Court to that letter for a complete and accurate description of its contents.

33. Admits that ED received an e-mail from Tariq Habash on April 19, 2018, admits that a true and correct copy of that e-mail is attached as Exhibit F, and respectfully refers the Court to that e-mail for a complete and accurate description of its contents.

34. Admits that ED sent a letter to Mr. Habash on April 20, 2018, admits that a true and correct copy of that letter is attached as Exhibit G, and respectfully refers the Court to that letter for a complete and accurate description of its contents.

35. Admits that ED sent an e-mail to Mr. Habash on April 23, 2018, admits that a true and correct copy of that letter is attached as Exhibit H, and respectfully refers the Court to that e-mail for a complete and accurate description of its contents.

36. Admits the existence of the FOIA Requests Status Log and admits and avers that it reflects the status of all Fiscal Year 2018 FOIA requests and all open FOIA requests for prior years as of March 8, 2018. The second sentence of Paragraph 36 consists of a characterization of the FOIA Requests Status Log, to which no response is required.

37. Denies the allegations in Paragraph 37 and avers that ED provided its determination in response to Plaintiff's March 21, 2018, FOIA request by letter dated April 23, 2018.

38. Paragraph 38 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 38 and avers that ED provided its determination in response to Plaintiff's March 21, 2018, FOIA request by letter dated April 23, 2018, and that on May 24, 2018, the Court ordered ED to suspend its release of the Draft Analysis pending the Court's resolution of ACICS's motion to intervene in this action.

**COUNT I**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Search for Responsive Records With Respect to the Request**

39. ED realleges and incorporates its answers to Paragraphs 1 through 38 as though fully set forth herein.

40. Paragraph 40 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 40, except admits and avers that Plaintiff submitted a FOIA request to ED on or about March 21, 2018, and that ED has located responsive records.

41. Paragraph 41 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 41, except admits that ED is an "agency" within the meaning of 5 U.S.C. § 552(f) and subject to FOIA.

42. Denies the alleges in Paragraph 42, and avers that ED provided its determination in response to Plaintiff's March 21, 2018, FOIA request by letter dated April 23, 2018, and that on May 24, 2018, the Court ordered ED to suspend its release of the Draft Analysis pending the Court's resolution of ACICS's motion to intervene in this action.

43. Paragraph 43 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 43.

44. Paragraph 44 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 44.

## COUNT II
## Violation of FOIA, 5 U.S.C. § 552
## Wrongful Withholding of Non-Exempt Records With Respect to the Request

45. ED realleges and incorporates its answers to Paragraphs 1 through 44 as though fully set forth herein.

46. Paragraph 46 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 46, except admits and avers that Plaintiff submitted a FOIA request to ED on or about March 21, 2018, and that ED has located responsive records.

47. Paragraph 47 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 47, except admits that ED is an "agency" within the meaning of 5 U.S.C. § 552(f) and subject to FOIA.

48. Paragraph 48 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 48, and avers that ED provided its determination in response to Plaintiff's March 21, 2018, FOIA request by letter dated April 23, 2018, and that on May 24, 2018, the Court ordered ED to suspend its release of the Draft Analysis pending the Court's resolution of ACICS's motion to intervene in this action.

49. Paragraph 49 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 49.

8

50. Paragraph 50 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 50, and avers that ED provided its determination in response to Plaintiff's March 21, 2018, FOIA request by letter dated April 23, 2018, and that on May 24, 2018, the Court ordered ED to suspend its release of the Draft Analysis pending the Court's resolution of ACICS's motion to intervene in this action.

51. Paragraph 51 sets forth legal conclusions, to which no response is required. To the extent a response is deemed required, ED denies the allegations in Paragraph 51.

## REQUESTED RELIEF

The remainder of the complaint sets forth Plaintiff's requested relief, to which no response is required. To the extent a response is required, ED denies that Plaintiff is entitled to the relief sought, or to any relief whatsoever from ED.

\*   \*   \*

Except to the extent explicitly admitted or qualified above, ED denies each and every allegation of the complaint. ED further denies that Plaintiff is entitled to any relief whatsoever.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by any applicable FOIA exemption or exclusion, *see* 5 U.S.C. § 552(b).

### THIRD DEFENSE

ED exercised due diligence in processing Plaintiff's FOIA request and acted in good faith, with justification, and pursuant to authority, and exceptional circumstances exist that

necessitates additional time for ED to complete its release of records in response to Plaintiff's FOIA request.

## FOURTH DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

\*     \*     \*

ED may have additional defenses which are presently unknown but ascertained through discovery. ED reserves the right to assert each and every affirmative or other defense that may be available, including any defenses available pursuant to Federal Rules of Civil Procedure 8 and 12.

WHEREFORE, ED respectfully requests that the Court: (1) dismiss the amended complaint with prejudice; (2) enter judgment in ED's favor; and (3) grant such further relief as the Court deems just and proper, including costs and disbursements.

Date: New York, New York
May 30, 2018

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
*Attorney for the United States
Department of Education*

By:   /s/ *Casey K. Lee*
CASEY K. LEE
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2714
Fax: (212) 637-2686
casey.lee@usdoj.gov